UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| OPERATING ENGINEERS LOCAL 139 HEALTH BENEFIT FUND, CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, WISCONSIN OPERATING ENGINEERS SKILL IMPROVEMENT AND APPRENTICESHIP FUND, JOINT LABOR MANAGEMENT WORK PRESERVATION FUND, TERRANCE E. MCGOWAN, MICHAEL A. CRABTREE, and INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 139,<br><br>     Plaintiffs,<br><br>v.<br><br>DANE COUNTY CONTRACTING LLC,<br><br>     Defendant. | Case No. 19-CV-230-JPS<br><br>**ORDER** |

1. **INTRODUCTION**

Plaintiffs, various union representatives and entities, allege that Defendant, a contractor, breached the parties' contracts and violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1132 & 1145, by failing to pay its agreed-upon contributions to union employee benefit plans. (Docket #1). On September 3, 2019, Plaintiffs filed a motion for summary judgment, seeking not only a favorable ruling on

liability, but entry of judgment for damages as well. (Docket #13). The motion is now fully briefed, and for the reasons explained below, it must be granted.

2. **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56 ("FRCP") provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A "genuine" dispute of material fact is created when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Court construes all facts and reasonable inferences in a light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016). In assessing the parties' proposed facts, the Court must not weigh the evidence or determine witness credibility; the Seventh Circuit instructs that "we leave those tasks to factfinders." *Berry v. Chi. Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010). The non-movant "need not match the movant witness for witness, nor persuade the court that [their] case is convincing, [they] need only come forward with appropriate evidence demonstrating that there is a pending dispute of material fact." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 921 (7th Cir. 1994).

3. **RELEVANT FACTS**

Defendant was a party to several collective bargaining agreements ("CBAs") and trust agreements with Plaintiffs from April 1, 2018 through February 28, 2019. Those agreements obligated Defendant to make fringe benefit contributions to Plaintiffs. Defendant was also required to send Plaintiffs monthly remittance reports, detailing the work its employees

performed and the wages paid for that work. Those reports were due on the fifteenth of the month following the month in which the work was performed. Finally, Defendant was to deduct administrative dues from its employees' wages and pay those to the union. If Defendant failed to make these payments, the parties' contracts imposed interest and liquidated damages. The agreements also allowed Plaintiffs to collect their costs and attorneys' fees for bringing suit to recover any amounts due.

Plaintiffs have audited Defendant's books and records for the relevant time period. The audit reveals that Defendant did not make all of the required payments, and now owes Plaintiffs for contributions, interest, liquidated damages, costs, and attorneys' fees. Defendant admits that it owes contributions, but objects to liability for the other sums. Defendant maintains that Plaintiffs should have mitigated their damages by cooperating with Defendant more closely in obtaining lien waivers from general contractors. Defendant claims that Plaintiffs' delays in providing information and obtaining signatures hampered its ability to timely pay contributions. Further, Plaintiffs were also garnishing Defendant's earnings at the time, limiting its ability to pay. Finally, Defendant suggests that Plaintiffs ignored its offer to reach an agreement on paying a substantial portion of the outstanding contributions, which would have led to more timely payments in the future.

4. **ANALYSIS**

ERISA provides that employers are obligated to make contributions to employee benefit plans in accordance with the agreements governing those plans. 29 U.S.C. § 1145. If the employer does not make the required contributions, ERISA allows the plan administrator to bring suit and recover the unpaid contributions, interest, attorneys' fees, and costs. *Id.* §

1132(g)(2). Plaintiffs assert, and Defendant does not dispute, that they have authority to sue under ERISA. *See id.* § 1132(a)(3). Plaintiffs are also entitled to recover interest, liquidated damages, fees, and costs even if the delinquent contributions were ultimately paid prior to suit; the very lateness of the contributions triggered these penalties and late payment cannot erase them. *Operating Eng'rs Local 139 Health Benefit Fund v. Gustafson Constr. Corp.*, 258 F.3d 645, 654 (7th Cir. 2001). And obviously, when an employer incurs ERISA liability, it will also have breached the underlying agreements it made with the union.

Defendant does not dispute its liability under ERISA or for breach of contract. Instead, as mentioned above, it focuses its efforts on a reduction of the damages sought by Plaintiffs. Namely, Defendant argues that Plaintiffs failed to mitigate their damages. To be paid by a general contractor, Defendant needed to obtain joint check agreements and lien waivers from Plaintiffs. Defendant claims that Plaintiffs were slow to sign these documents, leading to late payments to Defendant, and in turn, a lack of funds to make contributions. Though mentioned in its factual briefing, and not its legal argument, Defendant also seems to contend that Plaintiffs' ongoing garnishment further reduced the pool of funds available for union payments.

Defendant's only support for its mitigation argument is a citation to a fourteen-year-old case from the Western District of Wisconsin which has nothing to do with unions, contractors, and the agreements between the two. *Gilson v. Rainin Instrument, LLC*, No. 04-C-852-S, 2005 WL 955251 (W.D. Wis. Apr. 25, 2005). Instead, Defendant cites the case for the proposition that a duty of good faith and fair dealing was implied into the CBAs and trust agreements. Though the case did discuss such a duty, it did so in the

context of the Uniform Commercial Code ("UCC"). *Id.* at *4–9. Defendant does not suggest that the agreements at issue in this case fall under the UCC's purview. Even if they did, *Gilson* is not at all analogous to the instant case and makes no mention of mitigation of damages.

Defendant's mitigation argument is thus wholly unsupported by citation to law. The Court cannot, and will not, construct appropriate arguments on behalf of litigants, particularly when they are represented. *Doherty v. City of Chi.*, 75 F.3d 318, 324 (7th Cir. 1996). In any event, Plaintiffs note that Seventh Circuit authority suggests that mitigation is not available as a defense in an ERISA case. *See Schleibaum v. Kmart Corp.*, 153 F.3d 496, 501–02 (7th Cir. 1998). Further, Plaintiffs state that the mitigation defense is not well-founded in fact. They claim that Defendant itself was to blame for any delay; Defendant's requests for lien waivers and joint check agreements came after its contributions were already delinquent. As to the garnishment issue, Plaintiffs maintain that the judgment being garnished related to a prior suit for unpaid contributions. It would be inequitable for Defendant to use that judgment and subsequent garnishment as an excuse for not paying contributions in the future. The Court agrees; the facts presented do not support a finding of any improper conduct by Plaintiffs. Defendant, by contrast, has flaunted the requirements of ERISA and its agreements with Plaintiffs.

5. **CONCLUSION**

Without meritorious legal or factual argument to the contrary, the Court is obliged to find in Plaintiffs' favor on Defendant's liability for contributions and the various penalty amounts provided in ERISA and the subject agreements. The total sum owed is $442,737.54, which is comprised of the following:

1) Judgment on Count One in the amount of $215,680.25 for delinquent contributions, interest, and liquidated damages in favor to Plaintiff Central Pension Fund of the International Union of Operating Engineers and Participating Employers and its CEO Michael Crabtree;

2) Judgment on Count One in the amount of $173,969.69 for delinquent contributions, interest, and liquidated damages in favor of Plaintiff Operating Engineers Local 139 Health Benefit Fund and its Trustee Terrance McGowan;

3) Judgment on Count One in the amount of $22,649.52 for delinquent contributions, interest, and liquidated damages in favor of Plaintiff Wisconsin Operating Engineers Skill Improvement and Apprenticeship Fund and its Trustee Terrance McGowan;

4) Judgment on Count Three in the amount of $7,146.96 for delinquent contributions, interest, and liquidated damages in favor of Plaintiff Joint Labor Management Work Preservation Fund and its Trustee Terrance McGowan;

5) Judgment on Count Two in the amount of $16,725.37 for administrative dues in favor of Plaintiff International Union of Operating Engineers Local 139; and

6) $6,565.75 in attorneys' fees and costs.

The Court hereby approves these requested amounts,[1] for entry of judgment in Plaintiffs' favor for a total sum of $442,737.54, together with post-judgment interest as provided by law.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for summary judgment (Docket #13) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant shall pay to Plaintiffs the total sum of $442,737.54, together with post-judgment interest as provided by law; and

**IT IS FURTHER ORDERED** that this action be and the same is **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of October, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[1] In its opening brief, Plaintiffs offered slightly higher figures. (Docket #16 at 9–10). Defendant did not expressly object to any of the calculations. *See generally* (Docket #24). Plaintiffs nevertheless revised the numbers in light of a partial payment they received. (Docket #26 at 7–8). The Court has adopted the revised amounts herein.